BRIAN STRETCH (CANB 163973)
Acting United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7000
    FAX: (415) 436-7009

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROL BRYANT, aka Carol Lawson,<br>MARK RUSSELL and<br>ANYSSA HALL,<br><br>    Defendants. | No. CR-15-508-YGR<br><br>STIPULATION FOR PRODUCTION OF MATERIALS AND [~~PROPOSED~~] PROTECTIVE ORDER |

    Defendants, CAROL BRYANT aka Carol Lawson and MARK RUSSELL, and the United States of America, hereby stipulate and agree, that the United States will produce documents to defendants pursuant to the following terms:

    (1) As used in this order, the word "defense" means the defense counsel actively representing the defendants in this case; partners, associates, secretaries, paralegal assistants, and employees of defense counsel, but only to the extent reasonably necessary to render professional services in this case; and any persons or expert witnesses retained or appointed by the defendants to directly assist with this case. The words "Confidential Material" means documents marked as US004357 to US010833.

Stip. For Production of Disc. Materials
and [~~Proposed~~] Order CR 15-508-YGR        1

(2) Defense is to treat as confidential all Confidential Material that is produced or made available for use in preparing for trial of this case.

(3) Defendants, Carol Bryant and Mark Russell, may not possess Confidential Material, and may only review the Confidential Material in the presence of a member of defense.

(4) Defense and any person to whom defense discloses Confidential Material, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

(5) Defense, any person to whom defense disclose Confidential Material, shall not make any further disclosure of the Confidential Material, except as provided herein, absent further order of this Court.

(6) The Confidential Material, including all copies thereof, may be disclosed by defense to another person only for the purpose of assisting the defense in preparing a defense in this case. Only as much of the materials as may be useful for such purpose may be disclosed by the attorneys for the defendants. Defense and those persons to whom they disclose Confidential Material in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than preparing a defense in this case.

(7) Defense counsel shall return all confidential materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is

Stip. For Production of Disc. Materials
and [Proposed] Order CR 15-508-YGR            2

later. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

\_\_\_\_\_/s/_____
CYNTHIA STIER
Counsel for United States

_____/s/_____
LINDA FULLERTON
Counsel for Carol Bryant aka Carol Lawson

_____/s/_____
HANNI M. FAKHOURY
Counsel for Mark Russell

SO ORDERED THIS  11th  day of December   , 2015.

_____
Honorable Yvonne Gonzalez Rogers
United States District Court Judge