UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES**,<br>      Plaintiff,<br>v.<br>**CAROL BRYANT**,<br>      Defendant. | Case No. 15-cr-508-1 YGR<br><br>**TRIAL SCHEDULING CONFERENCE** |

Having considered the filings to date including the parties' Joint Pretrial Conference Statement, and having heard the arguments made at the Trial Scheduling Conference, held on May 24, 2016, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:**   The trial of this matter is set for **January 30, 2017.** Trial days shall begin with the parties and attorneys at 8:00 a.m.  Counsel shall arrive in court early enough to proceed promptly.  Trial proceedings with the jury shall proceed generally on Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.
2. Trial is estimated to last ten (10) court days including jury selection.   The Court sets the next Trial Readiness Conference for **January 6, 2017 at 9:30 a.m.**  A Status Conference is hereby set for **October 19, 2016 at 10:00 a.m.**

3. **Standard Motions *in Limine*:** The Court hereby orders that witnesses shall be excluded until testimony is completed. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Parties are advised that overly broad motions which do not request specific relief will be summarily denied. Motions *in limine* shall be served in compliance with the Court's Standing Order in Criminal Cases, ¶ 4 by no later than Wednesday, November 23, 2016. The parties shall then meet and confer and those not resolved shall be filed no later than December 16, 2016.

4. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

5. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the Trial Readiness Conference.

6. **Rule 17.1 Joint Pretrial Statement and Filings**: Parties shall comply with the requirements set forth in the Court's Standing Order in Criminal Cases, ¶¶ 5 and 6 and file the same no later than December 16, 2016.

7. **Witnesses:** The parties shall file a list of all witnesses, parties, and counsel in alphabetical order to be shown to prospective jurors during *voir dire*.

8. **Exhibits and Exhibit Lists:** No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. To the extent an exhibit is included for the mere purpose of refreshing recollection, the list shall so indicate.

   The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

2

If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial. Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

All proposed exhibits which constitute compilations and/or summaries shall be provided to the opposing party by no later than November 15, 2016 to allow sufficient time to verify the accuracy of the same.

9. **Jencks Act Disclosures**: The government will provide all available statements and reports of witnesses required by the Jencks Act within two weeks of trial.

10. **Grand Jury Transcripts**: The government shall provide all grand jury material pursuant to Fed. R. Crim. P. 6(e)(3)(E) by no later than the pretrial conference.

11. **Exculpatory Evidence**: The Court acknowledges that the government has represented that it has produced all known and available exculpatory or other evidence favorable to the defendant and that it will continue to produce any additional materials if it becomes available.

12. **Equipment:** Projectors, screens, and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. Defense counsel may reserve a conference room in the attorneys' lounge for the period of the trial. However, they are only available on a first-come, first-served basis. Further, defense counsel must provide the Court with a form of order for (i) any equipment or supplies requested to be brought into the courthouse and (ii) any in-custody defendant to be dressed in civilian clothing.

13. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose

of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

14. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

15. **Objections:** There shall be no "speaking objections" and no rebuttal unless requested by the Court, in which case it shall be brief – *e.g.*, "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

16. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

17. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

18. **Failure to Comply:** Failure to comply with the obligations set forth in this order

4

will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

**IT IS SO ORDERED.**

Dated: June 17, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES**,<br>　　　　　Plaintiff,<br>　　v.<br>**CAROL BRYANT**,<br>　　　　　Defendant. | Case No.: Case No. 15-cr-508-1 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

　　　For the Plaintiff _____　　　For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

　　　For the Plaintiff _____　　　For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

　　　For the Plaintiff _____　　　For the Defendant _____

1   It is stipulated that, during jury deliberations, the jury may recess without further admonition and
2   without assembling in the jury box, and that they may resume their deliberations upon the Deputy
3   Clerk's determination that all jurors are present.

4       For the Plaintiff _____        For the Defendant _____

5

6   In the absence if the trial judge, any judge of this court may receive the verdict.

7       For the Plaintiff _____        For the Defendant _____

8

9   (Party Name) _____    (Party Name) _____

10

11  _____    _____

12      Signature (Plaintiff's Attorney)        Signature (Defense Attorney)